UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMANTHA AST,

              Plaintiff,

    - against -

BLUE HILL PLAZA INN, INC.,

              Defendant.
------------------------------------------------------------X

Index #
Date Purchased:
COMPLAINT

ECF CASE
JUDGE CONNER
05 CIV. 6362



      Plaintiff, Samantha Ast by her Attorney, Barry D. Haberman, Esq., complaining of the Defendant, Blue Hill Plaza Inn, Inc., respectfully alleges as follows:

    1.    Plaintiff, Samantha Ast, herein referred to as "Ast" is a New York resident domiciled at 8 Courtney Drive, New City, New York 10956.

    2.    Said domicile of Plaintiff, "Ast", is located in the jurisdiction of the Southern District of New York, United States of America.

    3.    Upon information and belief, Defendant, Blue Hill Plaza Inn, Inc., herein referred to as "Blue Hill", is a New York corporation, duly authorized to conduct business in the State of New York.

    4.    Upon information and belief, Defendant, "Blue Hill's" principal business office address is located at 500 Veterans Memorial Drive, Pearl River, New York 10965.

    5.    Upon information and belief, Defendant, "Blue Hill" conducts business under the name of Pearl River Hilton at 500 Veterans Memorial Drive, Pearl River, New York 10965.

    6.    Upon information and belief, the Defendant, "Blue Hill" is located within the jurisdiction of the Southern District of New York.

7. Upon information and belief, Defendant, "Blue Hill", employs between 100 and 200 persons.

8. The dominant subject matter of this Verified Complaint is grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991, ("Title VII")

9. Under 28 U.S.C. sec. 1331, actions grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 are permitted to be brought before the United States Courts.

10. As the Defendant, "Blue Hill", is a resident of locality lying within the Southern District of New York, as a substantial part of the events giving rise to the claim occurred in the Southern District of New York, under 28 U.S.C. sec. 1391(b), the Southern District of New York is the proper venue for this action.

11. On or about February 4, 2005, the Plaintiff, "Ast" filed a Verified Complaint with the United States Equal Employment Opportunity Commission, herein referred to as the "EEOC". Said Charging Complaint was designated as EEOC No.: 160-2005-00961. Said Charging Complaint alleges discriminatory acts by the Defendant concerning this matter. (See Exhibit 1.)

12. On or about April 13, 2005 a Notice of Right to Sue was issued by the "EEOC" to Counsel for the Plaintiff, "Ast." (See Exhibit 2.)

13. On or about April 18, 2005 the Notice of Right to Sue was received by Counsel for the Plaintiff, "Ast." (See Exhibit 2.)

14. This Summons and Complaint is filed within 90 days of the receipt of said Notice of Right To Sue.

15. The Plaintiff, "Ast" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff, "Ast" repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as if set forth herein.

17. The Plaintiff, "Ast", is a Jewish female.

18. On or about March 8, 2002, Plaintiff, "Ast", began employment as a guest relations agent with Defendant "Blue Hill" at its Pearl River, New York location.

19. Plaintiff, "Ast" was employed by Defendant, "Blue Hill" from March 8, 2002 through October 13, 2004.

20. During this time of employment, Plaintiff, "Ast" was promoted to Assistant Front Office Manager.

21. At all times relevant to this Complaint the Plaintiff, "Ast" performed her duties in a satisfactory manner.

22. During the course of the Plaintiff, "Ast's" employment by the Defendant, "Blue Hill"" a new Supervisor, Kent Fletcher, herein referred to as "Fletcher", was appointed with responsibility over the Plaintiff, "Ast."

23. Upon information and belief, said Supervisor, "Fletcher", made improper expressions concerning the Plaintiff, "Ast's" Religion and Sex.

24. Upon information and belief, "Fletcher", acting on behalf of the Defendant, "Blue Hill", to create a less than satisfactory employment performance record for the Complainant, "Ast"

25. The action by the Defendant, "Blue Hill Plaza" in creating less than satisfactory employment performance record was motivated solely by impermissible discriminatory animus based upon the Plaintiff, "Ast's" sex and Religion.

26. Upon information and belief the Plaintiff, "Ast" was demoted by the Defendant, "Blue Hill" based upon the pretextual employment performance record.

27. Upon information and belief, the Plaintiff, "Ast" was forced to resign her position of employment by the Defendant, "Blue Hill".

28. The actions of the Defendant, "Blue Hill" were in effect a constructive termination of the Plaintiff, "Ast's" employment.

29. Upon information and belief, the Defendant, "Blue Hill Plaza" replaced the Plaintiff, "Ast's" position of employment with a male.

30. As the result of the foregoing the Plaintiff, "Ast" was unlawfully deprived by the Defendant, "Blue Hill" of employment and the compensation that would have been earned from such employment.

31. But for the discriminatory and unlawful actions of the Defendant, "Blue Hill", the Plaintiff, "Ast" would still be employed by said Defendant, "Blue Hill" with all of the wages, and benefits such employment provides.

32. Said termination of employment of the Plaintiff, "Ast" by the Defendant, "Blue Hill" was in violation of Plaintiff, "Ast's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 ("Title VII").

33. The harassment suffered by the Plaintiff, "Ast" by the acts of the Defendant, "Blue Hill" based upon the Plaintiff's religion and sex are a violation of the

Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 ("Title VII").

34. As a result of such violation, the Plaintiff, "Ast" is entitled to all of the remedies set forth under Title VII.

35. Thus, for all of the violations of the Federal Statutes, the Plaintiff, "Ast" is entitled to "back pay" from the date of the unlawful termination, (October 13, 2004), including salary, projected raises, lost benefits, and lost pension funding, "front pay", to put the Plaintiff, "Ast" in the position she would have been in had the unlawful termination not occurred and her employment lasted until normal retirement age. Such "front pay" includes salary, fringe benefits, and pension benefits. Plaintiff, "Ast" is also entitled to receipt of punitive damages, and attorney fees.

36. Thus, there is now due and owing from the Defendant, "Blue Hill" to the Plaintiff, "Ast" back pay in the amount of $21,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $150,000.00, and attorney fees.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiff, "Ast" repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as if set forth herein.

38. Prior to the termination of employment, the Plaintiff, "Ast" had a series of conversations with the director of Human Resources of the Defendant, "Blue Hill." Said conversations concerned the harassment the Plaintiff, "Ast" was experiencing in her employment.

39. Said conversations also concerned the Plaintiff, "Ast" filing a discrimination complaint against the Defendant, "Blue Hill."

40. Upon information and belief, other female employees of the Defendant, "Blue Hill" had filed complaints of sexual harassment against said Defendant.

41. Upon information and belief, the Defendant, "Blue Hill" failed to investigate any of the complaints of the Plaintiff, "Ast."

42. Upon information and belief, the Defendant, "Blue Hill" terminated the employment of the Plaintiff, "Ast" in retaliation for complaining about harassment and in advance of the filing of complaint with the Equal Employment Opportunity Commission.

43. The termination of employment in retaliation is a violation of the Plaintiff, "Ast's" rights under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 ("Title VII").

44. As a result of such violation, the Plaintiff, "Ast" is entitled to all of the remedies set forth under Title VII.

45. Thus, for all of the violations of the Federal Statutes, the Plaintiff, "Ast" is entitled to "back pay" from the date of the unlawful termination, (October 13, 2004), including salary, projected raises, lost benefits, and lost pension funding, "front pay", to put the Plaintiff, "Ast" in the position she would have been in had the unlawful termination not occurred and her employment lasted until normal retirement age. Such "front pay" includes salary, fringe benefits, and pension benefits. Plaintiff, "Ast" is also entitled to receipt of punitive damages, and attorney fees.

46. Thus, there is now due and owing from the Defendant, "Blue Hill" to the Plaintiff, "Ast" back pay in the amount of $21,000.00, front pay in an amount to be

determined at trial, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $150,000.00, and attorney fees.

## AS AND FOR A THIRD CAUSE OF ACTION

47. The Plaintiff, "Ast", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

48. Said actions of Defendant, "Blue Hill", treating the Plaintiff, "Ast" differently than male workers is sexual discrimination and is a violation of the Plaintiff, "Ast's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

49. Said actions of Defendant, "Blue Hill", harassing the Plaintiff, "Ast" on the basis of religion and sex is a violation of the Plaintiff, "Ast's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

50. Said actions of the Defendant, "Blue Hill" terminating the employment of the Plaintiff, "Ast" for pretexual reasons is impermissible discrimination base upon religion and sex, and are violations of the Plaintiff, "Ast's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq

51. Termination of the Plaintiff, "Ast's" employment in retaliation for lodging complaints of harassment and discrimination are violations of the Plaintiff, "Ast's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

52. Under New York State Human Rights Law, the Plaintiff, "Ast", is entitled to back pay, front pay and restoration of lost fringe benefits.

53. Thus, there is now due and owing from the Defendant, "Blue Hill" to the Plaintiff, "Ast" back pay in the amount of $21,000.00, front pay in an amount to be

determined at trial, health benefits and pension funding in an amount to be determined at trial.

54.     Additionally, under New York State Human Rights Law, the Plaintiff, "Ast", is entitled to recover for pain and suffering.

55.     Thus, because of the Defendant, "Blue Hill's", violation of employment rights of the Plaintiff, "Ast", the Plaintiff, "Ast", has suffered damages for pain and suffering in the amount of $150,000.00.

56.     Thus, there is now due and owing from the Defendant, "Blue Hill," to the Plaintiff, "Ast", the amount of $150,000.00 for damages from pain and suffering.

**WHEREFORE,** the Plaintiff, "Ast" demands judgment:

(1)     Against the Defendant, "Blue Hill" for sex discrimination and harassment suffered in violation of the Plaintiff, "Ast's" rights under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(2)     Against the Defendant, "Blue Hill", awarding the Plaintiff, "Ast", back pay in the amount of $21,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $150,000.00, and attorney fees, the remedy provided a Plaintiff under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for sex discrimination and harassment.

(3) Against the Defendant, "Blue Hill" for discrimination and harassment based upon religion suffered in violation of the Plaintiff, "Ast's" rights under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(4) Against the Defendant, "Blue Hill", awarding the Plaintiff, "Ast", back pay in the amount of $21,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $150,000.00, and attorney fees, the remedy provided a Plaintiff under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for discrimination and harassment based upon the Plaintiff's religion.

(5) Against the Defendant, "Blue Hill" for the constructive termination of employment, in reality religion and sex discrimination and harassment suffered in violation of the Plaintiff, "Ast's" rights under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(6) Against the Defendant, "Blue Hill", awarding the Plaintiff, "Ast", back pay in the amount of $21,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an

amount to be determined at trial, punitive damages in the amount of $150,000.00, and attorney fees, the remedy provided a Plaintiff under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for the constructive termination of employment for discriminatory reasons.

(7) Against the Defendant, "Blue Hill" for retaliatory termination of employment in violation of the Plaintiff, "Ast's" rights under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(8) Against the Defendant, "Blue Hill", awarding the Plaintiff, "Ast", back pay in the amount of $21,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $150,000.00, and attorney fees, the remedy provided a Plaintiff under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for the retaliatory termination of employment.

(9) Against the Defendant, "Blue Hill", for the violation of the Plaintiff, "Ast's" rights under the provisions New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. due to the discriminatory acts of the Defendant, "Blue Hill".

(10) Against the Defendant, "Blue Hill", awarding the Plaintiff, "Ast", back pay in the amount of $21,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, damages for pain and suffering in the amount of $150,000.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. for unlawful discrimination, harassment and termination of employment due to discriminatory acts.

(11) Awarding Plaintiff, "Ast" attorney fees as applicable under "Title VII"

(12) Granting to Plaintiff, "Ast" such other and further relief as the Court deems just and proper.

Dated: New City, New York
       July 12, 2005

*[signature]*

BARRY D. HABERMAN, ESQ.
Attorney for Plaintiff,
SAMANTHA AST
254 South Main Street, #401
New City, New York 10956
845-638-4294